CLARENCE E. McMANUS, Judge.
| ^Defendant, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson (“Tax Collector”), appeals from a decision of the trial court which granted plaintiffs motion for summary judgment. For the reasons that follow, we affirm the decision of the trial court.
On June 3, 2009, plaintiff filed a petition to review denial of refund. In the petition, it alleges that during the period of September 1, 2006 through November 30, 2008, it leased vehicles from Ryder Truck Rental. As part of the lease agreements it was required to obtain and maintain liability and property insurance. It further alleges that it purchased this insurance coverage from Ryder by separate contract, and paid sales tax on the purchase in the amount of $32,948.28, the overpayment. On December 30, 2008, plaintiff filed a claim for refund. On February 20, 2009, the Tax Collector denied the claim, determining that the amounts were includible in the gross receipts derived from the lease of the vehicles. Plaintiff requested a rede-termination, and after a hearing, the refund claim was again denied. Plaintiff filed the present suit, seeking an appeal from the Bureau’s denial.[1]
*1073 |sThe Tax Collector filed an exception of no cause of action, alleging that the taxes were not paid “under protest” and that suit was not filed against legal entities[2]. This exception was denied.
Plaintiff filed a motion for summary judgment alleging no issues of material fact, and that it was entitled to judgment as a matter of law. On November 18, 2010, the trial court granted plaintiffs motion and ordered the tax collector to pay plaintiff a refunded of $82,948.28 plus legal interest. This appeal followed.
In its first allegation of error, the Tax Collector alleges that the trial court erred in granting CONCO’s motion for summary judgment. It alleges that the trial court erred in determining that the disputed payments were separate insurance purchases outside of the lease, instead of part of the gross proceeds of the lease. Tax Collector contends that these payments were incidental to the lease, as they were collected for the overhead that Ryder incurred due to its obligation to provide insurance under the lease.
CONCO contends that while payments that form the gross proceeds of the lease of the vehicles are subject to tax, other payments made to the same party that do not form part of the gross proceeds of the lease are not subject to the lease tax. In this case, the payments at issue were for a completely separate purchase, which was insurance, that it apparently was not obligated to purchase from Ryder, since after November of 2008, it did in fact purchase its insurance from a separate entity. It contends that its decision to purchase insurance from Ryder, or from another entity, did not affect the terms of the lease. The payments made to Ryder were actually for insurance purchased from Old Republic, and pursuant to that purchase |4it received a certificate of insurance from Old Republic naming it as an insured, and giving it the right to make claims under that policy.
The undisputed facts in the record before us establishes that during the tax period in question, CONCO and Ryder entered into a lease agreement in which CONCO leased trucks from Ryder. The lease agreement obligated CONCO to obtain and maintain liability insurance. CON-CO chose to purchase that insurance from Old Republic Insurance Company, as affiliate of Ryder. While Ryder collected the insurance premiums on behalf of Old Republic, the amount was billed separate from the lease payments. Old Republic issued a policy of insurance which listed CONCO as an additional insured. CON-CO was allowed to and did make claims on the Old Republic policy. Furthermore, after the tax period in question, CONCO obtained liability insurance from a different entity, with no change in the lease rates paid to Ryder.
The trial court considered the terms of the lease and the payments made, and determined that the payments were not part of the lease payment, but instead were a separate payment for the purchase of insurance and therefore no sale and lease tax were due on these payments. We find that the trial court did not err in ruling that plaintiff was entitled to a refund for sales and lease taxes paid on amounts used to purchase insurance. Compare Pontchartrain Materials Corp. *1074 v. Plaquemines Parish Government, 03-1444 (La.App. 4 Cir. 3/31/04), 871 So.2d 1171, writ denied, 04-1093, 04-1152 (La.9/3/04), 882 So.2d 606-607, (freight charges did not form part of the sales tax base where seller charged the same for the materials, regardless of how they were transported).
In his second allegation of error, the Tax Collector alleges that CONCO is procedurally barred from bringing this suit, and therefore the trial court erred in denying its exception of no cause of action. The Tax Collector alleges that the ^rejection of the refund claim is based on a legal determination, rather than a factual determination, and therefore R.S. 47:337.77(B) does not require a refund since the taxpayer made the tax payment without protest. CONCO responds that that it made an overpayment of taxes when none was due, and therefore this is exactly the situation where a refund claim is the appropriate procedure to recover these improperly paid taxes.
LSA-R.S. 47:337.77(A) provides in part that “For the purpose of this Section, ‘overpayments’ means a payment of tax, penalty or interest when none was due[.]” R.S. 47:337.77(B) provides in part that “The collector shall make a refund of each overpayment where it is determined that: (3) the overpayment was the result of an error, omission, or a mistake of fact of consequence to the determination of the tax liability, whether on the part of the taxpayer or the collector.”
R.S. 47:337.79(A) provides that
After three years from the thirty-first day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made unless a claim for credit or refund has been received by the collector from the taxpayer claiming such credit or refund before the expiration of said three-year or one-year period. The maximum amount, which shall be refunded or credited, shall be the amount paid within said three-year or one-year period. The collector shall prescribe the manner of filing claims for refund or credit.
CONCO’s made its claim to the Tax Collector and suit was filed within three years from the dates that the tax was due and was therefore timely.
Tax Collector cites LSA-R.S. 47:337.77[3] which provides that a tax payer’s remedy, *1075 when it believes that it has been overcharged due to a mistake of law, is |ñby payment under protest and suit to recover. LSA-R.S. 47:337.77(F). This case does not involve any legal interpretation, but rather the overpayment of taxes assessed against payments factually misclassified as lease payments rather than payments for the purchase of insurance.
We therefore find that the trial court did not err in finding that CONCO’s claim was not proeedurally barred.
For the above discussed reasons, the trial court’s ruling is affirmed. All costs are assessed against appellant.

AFFIRMED

. In the petition, plaintiffs noted that the same refund claim was made in Caddo and Lafayette Parishes, and in both its refund claims were approved the local sales tax paid on insurance payments were refunded. In addition, the Louisiana Board of Tax Appeals recognized that the payments at issue were *1073 insurance premiums and not lease proceeds. The State initially appealed from the decision however the appeal was dismissed after the parties settled.

. Initially, plaintiff named as defendants Newell D. Normand, Sheriff and ex-Officio Tax Collector, Bureau of Revenue and Taxation, Jefferson Parish Sheriff’s office and the Parish of Jefferson. The appropriate party is Newell D. Normand, Sheriff and Ex-Officio Tax Collector. The judgment on appeal is against that entity only.

. A. For the purpose of this Section, "overpayment” means a payment of tax, penalty or interest when none was due; the excess of the amount of tax, penalty or interest paid over the amount due; or the payment of a penalty that is later waived or remitted by the collector, provided that the power of the collector to refund overpayments shall be as prescribed and limited in this Section.
B. The collector shall make a refund of each overpayment where it is determined that:
(1) The tax was overpaid because of an error on the part of the taxpayer in mathematical computation on the face of the return or on any of the supporting documents.
(2) The tax was overpaid because of a construction of the law on the part of the taxpayer contrary to the collector's construction of the law at the time of payment.
(3) The overpayment was the result of an error, omission, or a mistake of fact of consequence to the determination of the tax liability, whether on the part of the taxpayer or the collector.
(4) The overpayment resulted from a change made by the collector in an assessment, notice, or billing issued under the provisions of this Chapter.
(5) The overpayment resulted from a subsequent determination that the taxpayer was entitled to pay a tax at a reduced tax rate.
(6) The overpayment was the result of a payment that exceeded either the amount shown on the face of the return or voucher, or which would have been shown on the face of the return or voucher if a return or voucher were required.
C. Notwithstanding the provisions of Subsection B of this Section, where it is deter *1075 mined that there is clear and convincing evidence that an overpayment has been made, the collector shall make a refund, subject to conditions or limitations provided by this Chapter.
D. (1) Such refunds shall be made out of any current collections of the particular tax which was overpaid.
(2) If a taxpayer has overpaid a particular tax for more than one taxable year and seeks a refund of the total amount, the collector may issue the refund incrementally. The number of increments shall not exceed the total number of years the tax was overpaid.
E. The collector may recover any refunded amount determined not to be an overpayment through any collection remedy authorized by R.S. 47:337.45 within two years from December thirty-first of the year in which the refund was paid. Any refunded amount determined not to be an overpayment shall bear interest at the rate provided for in this Chapter, which shall be computed from the date the refund was issued to the date payment is received by the collector.
F.This Section shall not be construed to authorize any refund of tax overpaid through a mistake of law arising from the misinterpretation by the collector of the provisions of any law or of any rules and regulations. In the event a taxpayer believes that the collector has misinterpreted the law or rules and regulations contrary therewith, his remedy is by payment under protest and suit to recover.